# Exhibit C

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Richmond Division

THOMAS R. BREEDEN,

    Plaintiff,

v.

Civil No. 3:11-cv-00263-JRS

TRANS UNION, LLC,

    Defendant.

## DECLARATION OF LYNN S. ROMANOWSKI

I, Lynn S. Romanowski, hereby declare and state the following:

1. My name is Lynn S. Romanowski. I am over the age of eighteen, and I am competent to testify to the matters described in this declaration. Unless otherwise indicated, I have personal knowledge of the facts and statements in this declaration and am prepared, if necessary, to testify to them, among other things, at a hearing or trial related to this matter or the issues or facts discussed in this declaration.

2. I am a Senior Business Systems Analyst/Consumer Relations Data Analysis Lead for Trans Union LLC ("Trans Union"), and work in Chicago, IL.

3. I have reviewed Trans Union's records relating to an inquiry for consumer credit information made by T-Mobile USA, Inc. ("T-Mobile") on April 25, 2009.

4. On April 25, 2009, T-Mobile submitted a request to Trans Union for consumer credit information and provided the following identifying information: "Thomas R. Breeden," with an address of "7900 Sudley, Suite 600, Manassas, VA 20109-2806," a Social Security Number of "REDACTED," and a date of birth of "REDACTED 1969" (the "T-Mobile Inquiry").

5. I understand that a document reflecting the information maintained by Trans Union of the information submitted by T-Mobile in connection with the T-Mobile Inquiry was

marked as TU 21 in this litigation, and was also marked: "Confidential – Attorneys Eyes Only." TU 21 is a true and accurate representation of the information maintained in Trans Union's database of the information received by Trans Union from T-Mobile in connection with the T-Mobil Inquiry. The recording of the information described in Paragraph 4 of this Declaration and displayed on TU 21 was made at or near the time of the occurrence of the matters set forth by, or from information transmitted by, a person with knowledge of those matters; and was kept in the course of the regularly conducted activities of Trans Union and was made by the regularly conducted activity as a regular practice of Trans Union.

6. In response to the T-Mobile Inquiry, Trans Union returned on April 25, 2009, a credit report to T-Mobile that, I understand, the plaintiff in this case, Thomas R. Breeden ("Plaintiff"), contends was a credit report relating to him.

7. I understand that a document reflecting the indicative information contained in Trans Union's file of consumer credit information for Plaintiff on April 25, 2009, as returned to T-Mobile in response to the T-Mobile Inquiry, was marked as TU 22 in this litigation, and was also marked: "Confidential – Attorneys Eyes Only." TU 22 is a true and accurate representation of the indicative information contained in Trans Union's file of consumer credit information for Plaintiff on April 25, 2009. The recording of the information described in Paragraph 6 of this Declaration and displayed on TU 22 was made at or near the time of the occurrence of the matters set forth by, or from information transmitted by, a person with knowledge of those matters; and was kept in the course of the regularly conducted activities of Trans Union and was made by the regularly conducted activity as a regular practice of Trans Union.

8. On April 25, 2009, Trans Union's file of consumer credit information relating to Plaintiff contained the full name "Thomas R. Breeden," and included a "7900 Sudley, Manassas,

VA 20109" address as one of Plaintiff's addresses. The address in Trans Union's file had a suite number of "301." For purposes of matching files to the information supplied in connection with inquiries, Trans Union does not consider suite numbers.

9. Thus, on April 25, 2009, the Plaintiff's first name, middle initial, and last name contained in Trans Union's file were an exact match for the first name, middle initial, and last name of "Thomas R Breeden" provided by T-Mobile in the T-Mobile Inquiry.

10. On April 25, 2009, one of the addresses in Trans Union's file for Plaintiff was an exact match for the 7900 Sudley, Manassas, VA 20109 address provided by T-Mobile in the T-Mobile Inquiry.

11. The date of birth contained in Trans Union's file for Plaintiff was within three years of the date of birth provided by T-Mobile in the T-Mobile Inquiry.

12. The difference between the date of birth provided by T-Mobile in the T-Mobile Inquiry and the date of birth contained in Trans Union's file for Plaintiff indicated that it was highly unlikely that T-Mobile sought consumer credit information regarding another individual with the same name and address but who was the parent or child of the other individual. This correlation between the date of birth provided by T-Mobile and the date of birth in Trans Union's file for Plaintiff thus ruled out the possibility that two individuals with similar names lived at the same address and only had a generational difference.

13. Because of the exact match between the first name, middle initial, and last name "Thomas R. Breeden," the exact match on the 7900 Sudley, Manassas, VA 20109 address, and the date-of-birth correlation, Trans Union returned the Plaintiff's credit report to T-Mobile in response to the T-Mobile Inquiry.

14. At the time of the T-Mobile Inquiry, no other file in Trans Union's database contained the Social Security number provided by T-Mobile.

15. Based on my review of the consumer credit information in Trans Union's database at or about the time of the T-Mobile Inquiry, there were no other consumers in Trans Union's database with an address in Manassas, VA, and the name "Thomas R. Breeden" or "Thomas Breeden" (with no middle name or initial). Therefore, at the time of the T-Mobile Inquiry, Trans Union's file for Plaintiff was the best matching file for the input information provided by T-Mobile.

16. If T-Mobile had provided Trans Union with a name that did not match the Plaintiff's name as reflected in Trans Union's file—including first name, middle initial, and last name—Trans Union would not have returned Plaintiff's credit report to T-Mobile in response to the T-Mobile Inquiry. For example, if T-Mobile had provided a middle name or initial that did not match the middle initial in Trans Union's database, Trans Union would not have returned Plaintiff's credit report to T-Mobile in response to the T-Mobile Inquiry.

17. Similarly, had T-Mobile not provided Trans Union with the 7900 Sudley, Manassas, VA 20109 address that was an exact match for an address in Trans Union's file for Plaintiff, Trans Union would not have returned Plaintiff's credit report to T-Mobile in response to the T-Mobile Inquiry.

18. Additionally, if the date of birth provided by T-Mobile in the T-Mobile Inquiry had indicated a generational difference between Plaintiff and the consumer whose report T-Mobile had requested, Trans Union would not have returned Plaintiff's credit report to T-Mobile in response to the T-Mobile Inquiry.

19. Trans Union does not require in all circumstances that a Social Security number provided as part of an inquiry match the Social Security number of the consumer whose file is returned in response to the inquiry input because of the propensity for errors in providing a correct nine-digit Social Security number by the creditor or the consumer applying for credit. For example: the transposition of two digits in the entry of the nine-digit Social Security number will prohibit an exact match; the addition of an extra digit (due to a typographical error or the accidental pressing of two numbers [1 and 2] instead of one [2]) will prohibit a match, as will the omission of a digit at the beginning of the Social Security number; when an application for credit involves spouses or joint applicants, the creditor may inadvertently switch the Social Security numbers or the applicants may inadvertently provide an incorrect or their co-applicant's Social Security number; or, poor handwriting on applications may cause the submission of an incorrect Social Security number.

20. I have also reviewed Trans Union's records reflecting contact between Plaintiff and Trans Union's Consumer Relations Department since April 25, 2009. The Consumer Relations Department is the Trans Union department that handles all disputes of consumer credit information.

21. On August 16, 2010, in response to a request submitted by Plaintiff through an automated system, Trans Union provided Plaintiff with a consumer file disclosure. That consumer file disclosure disclosed to Plaintiff that Trans Union had provided Plaintiff's credit report to T-Mobile on April 25, 2009.

22. I understand that an internal Trans Union copy of the August 16, 2010, file disclosure provided to Plaintiff was marked as TU 23-34 in this litigation. TU 23-34 is: a true and accurate copy of the internal Trans Union copy of the file disclosure provided to Plaintiff on

August 16, 2010; the entries were made at or near the time of the occurrence of the matters set forth by, or from information transmitted by, a person with knowledge of those matters; and was kept in the course of the regularly conducted activities of Trans Union and was made by the regularly conducted activity as a regular practice of Trans Union.

23. According to the records of Trans Union, Plaintiff never contacted Trans Union to question or dispute the propriety of the T-Mobile Inquiry. The only record of contact between Plaintiff and Trans Union's Consumer Relations Department after April 25, 2009, is the request made by Plaintiff through an automated system for a copy of his Trans Union file disclosure (which Trans Union provided on August 16, 2010).

Under 28 U.S.C. § 1746, I declare under penalty of perjury that the foregoing is true and correct.

Executed on October 6, 2011

Lynn S. Romanowski

EAST\46929112.1

6